[Cite as *State v. Carroll*, 2014-Ohio-3107.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                       :

      Plaintiff-Appellee,                    :

v.                                                   :           No. 13AP-968
                                                                 (C.P.C. No. 12CR-5307)
Terry Carroll,                                       :

      Defendant-Appellant.                   :           (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on July 15, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Dennis W. McNamara*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Terry Carroll is appealing from his conviction for aggravated arson. He assigns two errors for our consideration:

> [I.] THE PROSECUTION FAILED TO PRESENT SUFFICIENT EVIDENCE TO OBTAIN A CONVICTION AS TO COUNT I.
>
> [II.] THE JURY ERRED WHEN IT RETURNED GUILTY VERDICTS AS TO COUNTS I AND II THAT ARE NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.

{¶ 2} The jury who heard Carroll's case returned verdicts of guilty of aggravated arson as a felony of the first degree and aggravated arson as a felony of the second degree. The trial court judge who presided over the trial viewed the two aggravated arson charges as allied offenses of similar import and allowed the State to choose for which offense

Carroll would be convicted. The State chose the greater charge, aggravated arson as a felony of the first degree.

{¶ 3} Aggravated arson is defined by R.C. 2909.02. The statute reads:

> (A) No person, by means of fire or explosion, shall knowingly do any of the following:
>
> (1) Create a substantial risk of serious physical harm to any person other than the offender;
>
> (2) Cause physical harm to any occupied structure;
>
> (3) Create, through the offer or acceptance of an agreement for hire or other consideration, a substantial risk of physical harm to any occupied structure.
>
> (B)
>
> (1) Whoever violates this section is guilty of aggravated arson.
>
> (2) A violation of division (A)(1) or (3) of this section is a felony of the first degree.
>
> (3) A violation of division (A)(2) of this section is a felony of the second degree.

{¶ 4} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

{¶ 5} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. *Thompkins* at 387. In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.* (quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983)); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387.

{¶ 6} As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996). It was within the province of the jury to make the credibility decisions in this case. *See State v. Lakes* 120 Ohio App. 213, 217 (4th Dist.1964), ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.")

{¶ 7} Carroll's home was destroyed by fire in August 2012. The issues during the trial were who started the fires and whether the fires presented a substantial risk of serious physical harm to any person.

{¶ 8} An accelerant was used to start these fires in the residence. A natural gas line in the home was compromised and was burning when firefighters arrived. The windows in the residence had blown out. An electrical line to the house had also fallen before firefighters arrived. No one was able to determine if the gas line or the utility line had been compromised before the fires started, but the fact that the natural gas line was functioning was knowable.

{¶ 9} We do not find merit in the assertion that whoever started the fires did not knowingly create a substantial risk of serious physical harm to a person other than the person who started the fires. Starting this fire in a residence with an active natural gas

line creates a substantial risk that a firefighter or someone else who enters the residence in the belief that a person is still in the house will be harmed.

{¶ 10} The cause of the windows being blown out is not known, but the possibility that natural gas accumulated and exploded cannot be excluded. The person who started the fire was in a position to know that. We do not find the evidence insufficient to support a conviction for arson as a felony of the first degree.

{¶ 11} The first assignment of error is overruled.

{¶ 12} The second assignment of error focuses on the proof that Carroll was responsible for the fire being started. The assignment of error argues the conviction was against the manifest weight of the evidence.

{¶ 13} All the evidence presented at trial was circumstantial proof that Carroll started the fires. No one claimed to see him start the fires. Carroll always denied starting the fires, so no confession to police or private citizens existed.

{¶ 14} A surveillance camera at a neighbor's house showed a large SUV backing into the driveway of Carroll's house a little after 8:00 p.m. The vehicle stayed until close to midnight when a large flash of light could be seen on the surveillance video. Shortly after the flash, the large vehicle left. No other vehicles were shown to have entered or left the driveway in the meantime.

{¶ 15} Carroll initially claimed he was in Kentucky when a fire lieutenant called him to tell him of the fire. Cell phone records indicated that he actually was in the Chillicothe, Ohio area when he received the call.

{¶ 16} Carroll later claimed he was in Portsmouth, Ohio when he got the call.

{¶ 17} Being in Chillicothe at the time of the call provided no semblance of an alibi for Carroll. Chillicothe is only about one hour south of the center of Columbus, Ohio. The distance from Carroll's home to the Chillicothe area was less.

{¶ 18} Carroll claimed to have another home in Thailand where his wife lived. Thus the burning of the central Ohio home did not leave him homeless. Clearly he had a financial motive for starting the fire.

{¶ 19} Carroll's sister, Henrietta Caudy attempted to support Carroll's alibi by testifying she and Carroll left the house around 10:00 p.m. to go visit a sick sister in

Kentucky. Cell phone records cast serious doubt on her credibility, especially her claim that she called the sister around 10:00 p.m.

{¶ 20} Carroll's own lies in an attempt to create an alibi defense and his sister's lies in an attempt to support it strengthened the prosecution's case. The surveillance tape also strengthened the State's case. If the jury inferred the large vehicle at the residence for hours before the fire started was Carroll's van, the van was there until almost midnight and left when the fire began. Less than two hours later, the van was still in southern Ohio. There was plenty of time for Carroll to drive south on US 23 and still be in Ohio when the fire lieutenant called Carroll at 1:52 a.m.

{¶ 21} The conviction for aggravated arson as a felony of the first degree was not against the manifest weight of the evidence.

{¶ 22} The second assignment of error is overruled.

{¶ 23} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

————————